

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 10, 1951

Hon. Wm. P. Davis       Opinion No. V-1272
County Auditor
Ellis County            Re: Legality of using
Waxahachie, Texas           county funds to pay
                            for office supplies,
                            equipment, and tele-
                            phone facilities for
                            County Home Demon-
                            stration Agents and
                            County Agricultural
Dear Mr. Davis:             Agents.

      Your request for an opinion presents for
determination the following question:

      "Can the County of Ellis legally
pay for office supplies and equipment,
telephone service and long distance
tolls for the use of the County Agri-
cultural Agents and the County Home
Demonstration agents?"

      The decisions of the Texas courts have
repeatedly held that the commissioners' court is
a court of limited jurisdiction and has only such
powers as are conferred upon it, either by express
terms or by necessary implication, by the statutes
and Constitution of this State. Childress County
v. State, 127 Tex. 343, 92 S.W. 2d 1011 (1936);
Von Rosenberg v. Lovett, 173 S.W. 508 (Tex. Civ.
App. 1915, error ref.): Roper v. Hall, 280 S.W.
289 (Tex. Civ. App. 1925); Art. 2351, V.C.S.; 11
Tex. Jur. 632, Counties, Sec. 95.

      Article 164, V.C.S., provides:

      "The Commissioner's Court of any
county of this State is authorized to
establish and conduct co-operative
demonstration work in Agriculture and
home economics in co-operation with
the Agricultural and Mechanical College
of Texas upon such terms and conditions

as may be agreed upon by the Commissioners' Court and the agents of the Agricultural and Mechanical College of Texas; and may employ such means, and appropriate and expend such sums of money as may be necessary to effectively establish and carry on such demonstration work in Agriculture and Home Economics in their respective counties."

This office has held that Article 164 provides authority for the expenditure of county funds for the erection of a building to house the County Agricultural Agent and the Home Demonstration Agent. Att'y Gen. Op. O-2516 (1940). We have also held that the same statute authorizes the expenditure of county funds for the purchase of kitchen equipment to be used by the home demonstration agent. Att'y Gen. Op. O-620 (1939). In view of the foregoing, it is our opinion that authority exists for the payment of telephone service, office supplies and equipment, and long distance tolls for the offices of the County Agricultural Agent and the County Home Demonstration Agent. However, the expenditure of County funds for such purpose and the necessity therefore is left to the discretion of the Commissioners' Court of Ellis County. Att'y Gen. Op. O-620 (1939).

## SUMMARY

The Commissioners' Court of Ellis County is authorized to expend county funds in payment of telephone service, office supplies and equipment, and long distance tolls for the offices of County Agricultural Agent and County Home Demonstration Agent. The necessity for these expenditures is left to the discretion of the Court.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep
Burnell Waldrep
Assistant

BW:gs:awo